UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESIREE JOHNSON,

                              Plaintiff,

                    -against-

WILLIAM PELHAM BARR; UNITED
STATES SPEAKER OR REPRESENTATIVE
FOR ORIGINAL CASE,

                              Defendants.

24-CV-8615 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff filed this action *pro se*. By Order dated November 26, 2024, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss a complaint filed *in forma pauperis*, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

2

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

## BACKGROUND

Plaintiff brings this action against former Attorney General William Barr, who Plaintiff identifies as her "attorney." (ECF 1, at 5.) She also names as a defendant "USA Speaker or Representative for original case." (*Id.*) Plaintiff claims that the events giving rise to her claims occurred in New York City on October 31, 2024. (*Id.*) She alleges that she "request[ed] 3 things from each company IRS PayPal and the 3 credit bureaus."[1] (*Id.*) Plaintiff states that she "would like my disclosure information and my information that might be on a normal statues with there company on a court order." (*Id.*) Plaintiff also requests "[a]ll dog information written on a court order." (*Id.*) Finally, Plaintiff requests "[m]y attorney William Pelham Barr to come on date choosing and repeat in front of me judge and court reporter my information for my remittance to the treasury department to identify me and put it once court order also thank you." (*Id.*)

Plaintiff indicates that she is "[n]ot settling or folding in my settlement." (*Id.*) Plaintiff "want[s] the speaker of the USA to[] write me a check for the whole value of this continent USA to power utter oblivion then that google plex$^{10}$00 and hand it to me in front of the judge the court reporter." (*Id.*) Plaintiff, however, "plead[s] the 5th not speaking on this motion." (*Id.*) Plaintiff seeks "[h]ospital relief please. I would like to be provided a hospital to fix my injuries on a court order." (*Id.* at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

**DISCUSSION**

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the

action is frivolous or malicious.  28 U.S.C. §1915(e)(2)(B)(i).  A claim is "frivolous when either:

(1) the factual contentions are clearly baseless, such as when allegations are the product of

delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."

*Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted).  Moreover, a court

has "no obligation to entertain pure speculation and conjecture."  *Gallop v. Cheney*, 642 F.3d

364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical

alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint naming former Attorney General Barr

and an unknowable individual described as a "speaker" for the "original case," finds that the

complaint lacks any arguable basis in law or in fact.  *See Neitzke*, 490 U.S. at 325.  Plaintiff's

allegations – that former Attorney General Barr, as her attorney, must appear before a court to

"repeat" her information, that "dog information" must be added to a court order, and that her

information from the Internal Revenue Service, PayPal, and the three credit bureaus be added to

a court order – are not rational.  Accordingly, because Plaintiff's "factual contentions are clearly

baseless," *Livingston*, 141 F.3d at 437, and there is no legal theory on which she can rely to

assert any claim, the action must be dismissed as frivolous under Section 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court normally would direct Plaintiff to

amend her complaint.  Here, the Court finds that the complaint cannot be cured with an

amendment.  Where an amendment would be futile, leave to amend is not required.  *Hill v.

Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

4

1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**CONCLUSION**

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   June 3, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge